FILED

1

2  Rajee Kolachana,
   Managing Member
3  Goldwin LLC
   1968 South Coast Highway,
4  Suite 4696 Laguna Beach, CA
   92651

2023 FEB 14  AM 11: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

PAID
FEB 14 2023
Clerk, US District Court
COURT 4812

5

6            In the United States District Court
7          for the Central District of California

8

9                                          Case No. EDCV 23- 237-svw(AFM)

10  Rajee Kolachana, Goldwin,          Complaint
                            LLC        **PETITION FOR**
11                                     **DECLARATORY AND**
                                       **INJUNCTIVE RELIEF**
12            vs.                      **AND CLAIM FOR**
                                       **DEPRIVATION OF**
13                                     **OF RIGHTS UNDER**
                                       **COLOR OF**
14                                     **AUTHORITY**

15  THE CITY OF NEEDLES
    A Municipal Corporation,
16  BERNIE HATZ, in his
    official and private capacity,
17  RICHARD KIMBALL, in his
    official and private capacity,
18
    DOES 1-20 inclusive
19                                     Title 42, US Code,
                                       Section 1983
20
              Defendants              Trial by Jury Demanded
21

22  _____/

23              **I.    JURISDICTION**

24       1. The District Court of the United States for the Central District of California has

25  jurisdiction over this action pursuant to, and jurisdiction is hereby invoked under, Title 28

26  USC Sec. 1331, Title 42, Section 1983, for a violation of Civil Rights and Article Three

27

28           Petition For Declaratory and Injunctive Relief Page 1

of the Constitution for the United States of America, of 1787, as described in the Commentaries on the Constitution, by Joseph Story, who states that Article Three of the United States Constitution provides for courts which are convened under the course of the common law. Also, this court has jurisdiction under Title 28 US Code, § 2201 and 2202. Additionally, <u>Callan v. Wilson</u>, 127 U.S. 540, (1888) <u>"And as the guaranty of a trial by jury, in the third article, implied a trial in that mode</u>, **and according to the settled rules of common law"**. This suit being authorized by the United States Constitution Article III. This is a civil rights action and a request for an order of cease and desist to redress the past deprivations and to prevent the further deprivation by Defendants and their agents, acting under the color (pretense) of state law, of Plaintiff's private rights, privileges, and immunities secured by the Constitution for the United States of America, specifically by the due process clause of the Fourteenth Amendment thereto, which invokes the due process clauses of the Fourth, Fifth and Fourteenth Amendments to said constitution upon the States and the federal government and guarantees to all private citizens the freedom to be free from unlawful seizures and arrests without probable cause and without a warrant supported by oath or affirmation, and the separate and, distinct common law jurisdiction of this Court in accord with the rules of the common law related to fiduciary duties. It should be understood that we have not authorized nor will we authorize a US Magistrate to rule in this matter or act in the capacity as an Article Three Judge.

## II. STATEMENT OF THE CASE

2. The Plaintiffs asserts claims arising under the Constitution and laws of the

United States, including specifically the due process clauses of the Fourteenth Amendment. The Defendants are a municipal government, a political subdivision of the state of California, the City of Needles, and its Code Enforcement Officer and building inspector, who are imposing particularly harsh and draconian standards for a Medium sized 30 room hotel, commonly known as River Valley Inn, **which is completely vacant**.

3. We, the Plaintiffs have been cooperating with these public officials, who are taking the extreme position that they must demolish our building, because we have not maintained an artificial timetable for renovations and repairs. Currently the building is almost completely renovated**, and is not occupied by anyone**. No rooms are being rented to anyone. As a result the health and safety of the public is not in jeopardy and no one can be injured, or suffer from any health or safety hazards or defects from the current condition of the property. Furthermore, the setting of deadlines does not preserve the health and safety of the public, and is capricious and arbitrary.

4. There are no structural defects or crumbling infrastructure. We also seek enforcement of our due process rights under the Fourteenth Amendment to the Constitution for the United States of America and state law pursuant to the Separations of Powers Doctrine Under the California Constitution, see Strumsky v. San Diego, 11 Cal.3d 28, at page 44, 520 P.2d 29 (1974) requiring that administrative agencies cannot function in a judicial capacity. This California Supreme Court decision makes it unlawful for an administrative agency to function in a judicial capacity in California. This doctrine has been in effect since 1974.

5. The Defendants, and all of them have held administrative hearings in this matter, and have rendered decisions to abate an alleged nuisance, that constitutes the

most minor of alleged defects and deferred maintenance issues. We have been

cooperating with the city agencies involved, but they have imposed time deadlines and

requirements that are unreasonable. They city inspectors required fumigation for bed

bugs, fences around the property and routine repairs to the building. All but the most

minor plumbing repairs, and minor water damage exists at this time. The City of Needles

Code Enforcement, and their agents and officials, imposed a series of administrative

hearings upon us, with an administrative law judge. As discussed, the administrative law

judge, has no powers to function in a judicial Capacity, see Strumsky, supra.

6. The administrative hearings and process lacks the kind of legal standards,

evidentiary protocols, court rules, and judicial codes of conduct that are a crucial part of

the Civil Process that California Superior Courts, which is why the California

Constitution was changed to give virtually all judicial powers are reserved for the

Superior Courts and appellate courts.

7. The Defendant, BERNIE HATZ, a Code Enforcement Officer, is preparing to

violate the Fourteenth Amendment by seeking a Receivership to gain control of the

building or to demolish the entire building, which includes 30 rooms of the subject hotel

property. I have been actively seeking a general contractor to make the last few repairs to

satisfy their insatiable need to impose their will on us. It is very difficult to get a

contractor to travel 90 miles or more to make repairs and upgrades. The issues of

protecting the health and safety of the public are a smokescreen for obtaining ownership

and control of the subject property so that the city officials can make a profit and fatten

up the financial assets of the City of Needles.

8. BERNIE HATZ, a Building inspector has initiated ta series of inspections and

the administrative process and has violated our rights to procedural and substantive process. While attempting to acquire the building for the City of Needles. Richard Kimball, a building inspector, has also imposed unreasonable requirements on our building including unrealistic deadlines and arbitrary and capricious requirements. In one case a large plumbing company, Craigs Plumbing sent an estimator to the property on December 19th, 2022, and was told by Richard Kimball that he could not bid on the plumbing part of the job because Craigs Plumbing is not a General Contractor and thus could not work on the job. This prevented us from obtaining a licensed plumbing contractor from completing the plumbing repairs.

9. It appears that the City Council at the City of Needles has thereby directed the activities of the Code Enforcement Department to violate the civil rights of many people in Needles in substantially similar ways, thereby the City Council has set custom and policy for that department to demolish people's homes and buildings and eliminate the property rights of people who are similarly situated.

10. The ultimate goal for Code Enforcement when dealing with many of the people who own older buildings is to Red Tag the property and force them to their knees financially. They look for people, who clearly do not have the money to hire attorneys an create an excuse for the "abatement of a nuisance". They are using their official powers to demolish many buildings as they can so that they can eventually acquire the properties by way of unpaid taxes because they cannot pay the enormous cost of demolition, which is added to the property tax bill. In California it is unlawful for the city or county government to demolish a building for abatement of a nuisance unless the public is in danger, see Leppo v. Petaluma, 20 Cal App. 3d 711 (1971). Even when the land-owner

victim bends over backwards to comply with unnecessary requests for compliance with Code Enforcement's whims that are not grounded in law or regulations, the building inspectors at Code Enforcement demand that the building be demolished. The policy appears to be set by the City Council. This is a flagrant policy designed to raise revenue for the city.

11. It should be further noted that the Joan Fontaine's storage building was demolished without any legal foundation, even though that structure is less than 200 square feet and can be built without permits under Lake County Building Codes.

### STANDING TO SUE

12. We have standing to sue under California law. The real party in interest is determined by the applicable substantive law, and ordinarily, the person having the right to sue for injury to property is the owner of the property. [*Vaughn v. Dame Construction Co.* (1990) 223 Cal.App.3d 144, 147.] However, the real party in interest is actually the party who has title to the particular cause of action rather than title to the property itself. [*Powers v. Ashton* (1975) 45 Cal.App.3d 783, 788.] **Thus, the essential element of standing is injury to one's interests in the property rather than ownership of the property itself, although these interests are most often held by the same person.**

13. Nevertheless, it has often been recognized that one who is not the owner of property may nonetheless be the real party in interest if that person's interests in the property are injured or damaged. [*Vaughn v. Dame Construction Co.* (1990) 223 Cal.App.3d 144, 148.] Injury to an interest in property gives rise to a cause of action for that harm, which is itself a discrete property right called a "chose in action." [*Parker v. Walker* (1992) 5

Cal.App.4th 1173, 1182; see also CC §953.] Thus, it is the owner of the chose in action who actually has standing to sue.

14. In August of this year the Code Enforcement officials, named above, issued a Notice, see **Exhibit A**, attached and incorporated by reference, without an abatement hearing in front of the Lake County Board of Supervisors, demanding that my deceased parents give them access to the property. They threatened to use A WARRANT process to obtain a court order to demolish the property. They have not given me an administrative hearing nor have they agreed to talk to me about the subject property, instead adhering to the legal theory that I do not have any property rights or any sort of ownership interest in the subject property.

15. The subject building is not presenting any danger to the public. No sworn affidavits have been supplied by the Code Enforcement Department stating that the subject land and buildings presents a danger to the public.

16. The above-cited actions taken were in violation of their own codes and ordinances, the Federal and State civil rights statutes and any moral standards of decency, and humanity that most decent people would adhere to. The edict from Code Enforcement regarding the so-called abatement of the nuisance by bulldozing my house amounts to a ban on all older buildings, and is unreasonable and is a violation of all economically viable uses of the land upon which I am building the subject house. The Defendants will effectively deny us all economically viable uses of the land for a home in Lake County, as established by the ruling by the US Supreme Court in Lucas v. South Carolina Coastal Council, 505 U.S. 1003; 112 S. Ct. 2886; 120 L. Ed. 2d 798, (1992). It is thereby established that the Defendants, have no right to summarily deny all

economically viable uses of land, and cannot destroy our building without judicial due process of law. It should be further noted that the Plaintiff was, at all times, willing to make some adjustments and changes to the construction of the subject property. This willingness to comply with requested changes fell on deaf ears and was refused by the Defendants, who stubbornly refused to listen to reason.  Under the Fourteenth Amendment the government cannot seize property unless it is reasonable and is proceeded by due process and an opportunity to correct the stated defects, otherwise they violate the due process rights of the Plaintiff. Under the Fourteenth Amendment the government cannot take property without due process of law. It should be further noted that the Defendants are violating my rights secured by the Ex-Post-Facto Clause and the Bill of Attainder Clause of the US Constitution and the Ex-Post-Facto Clause and the Bill of Attainder Clause found in the Constitution For the United States of America.

17. The Defendants have shown a propensity to engage in Gestapo style tactics that amount to willful oppression to make people feel discouraged and fearful of Code Enforcement. This is emblematic of the hidden agenda that the Defendants have applied in order to make me become discouraged and feel defeated as a strategy to force me to walk away from the land and give up the subject property so that they can acquire the land in a tax foreclosure sale.

## A. VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

18. *We ask for injunctive relief only in regard to the unlawful actions complained of herein*, whereby the defendants have threatened me with demolition of the subject

**property because of allegations that I have not complied with building codes and that the existing partially built structure is considered by them to be substandard. This allegation of substandard construction is without any foundation in fact, since the building inspectors at Code Enforcement have failed and refused to recognize the Ex-post facto and Bill of Attainder Clauses in Article One, Section Ten in the Constitution for The United States Of America, discussed above. And they have refused to honor and uphold the Warrant Clause of the Fourth Amendment to the Constitution For the United States of America.**

19. Violation of the Due Process Clause of the Fourteenth Amendment, will occur in this matter when the Defendants bulldoze our home, the subject property, in violation of the state laws, that require the County government to litigate the issue of abatement of the alleged nuisance in a civil case before they can demolish a building because it is a nuisance. This violates procedural due process rights because the decision to abate a nuisance must be made by a Superior Court judge, according to Camile v Buena Vista Cinemas, 57 Cal App. 3d 497, at 504, which states: "The procedure adopted by the City of Duarte in Ordinance 369 thus may operate as, and only as, a local internal mechanism for determining when the City will institute judicial proceedings to abate a public nuisance." Thus the Defendants are required, under state law, to file a civil case in court and put the matter in front of a jury. The Defendants are planning to take all economical and viable uses of land. In Lucas v South Carolina Coastal Council, 505 U.S. 1003; 112 S. Ct. 2886; 120 L. Ed. 2d 798, (2014), the US Supreme Court stated that the government cannot take away all economically viable use of land, without just compensation. The actions complained of above, are just such a taking of all economically viable use of land,

since the Lake County government is issuing an administrative decree, wherein they are preparing to prevent me from use of the land as a primary home and domicile, which is the only economically viable use of the land and the only use anyone could make of the land. In Monterey v. Del Monte Dunes, 526 US 687 (1999), the US Supreme Court stated:

> "Though not presented for review, Del Monte Dunes' equal protection argument that it had received treatment inconsistent with zoning decisions made in favor of owners of similar properties, and the jury's verdict for Del Monte Dunes on this claim, confirm the understanding of the jury and Del Monte Dunes that the complaint was not about general laws or ordinances but about a particular zoning decision.

The Court went on to say:

> "While conceding the legitimacy of the city's stated regulatory purposes, Del Monte Dunes emphasized the tortuous and protracted history of attempts to develop the property, as well as the shifting and sometimes inconsistent positions taken by the city throughout the process, and argued that it had been treated in an unfair and irrational manner. Del Monte Dunes also submitted evidence designed to undermine the validity of the asserted factual premises for the city's denial of the final proposal and to suggest that the city had considered buying, or inducing the [**1634] State to buy, the property for [*700] public use as early as 1979, reserving some money for this purpose but delaying or abandoning its plans for financial reasons.

Petition For Declaratory and Injunctive Relief Page 10

20. The Del Monte Dunes case is analogous to the case at bar, where the Defendants have side stepped the clearly stated procedural requirements under the US Constitution and the Constitution For the United States of America. Clearly the abatement order and Red Tagging by the Defendants was an arbitrary and capricious act with no legitimate government purpose and was calculated to discourage the Plaintiff and make me walk away from the subject property so that the City government can obtain money from the sale of property for unpaid taxes and the demolition cost.

21. This is a violation of the substantive due process rights of the Plaintiff. The actions taken by BERNIE HATZ were under the unwritten rule to create a nuisance abatement whenever they find a property owner who cannot afford attorneys. As discussed by the Ninth Circuit in Monterey v. Del Monte Dunes at Monterey Ltd. v. City of Monterey, 920 F 2d 1496 (Ninth Cir., 1990) the refusal to issue a building permit, after the individual has met all the requirements made on the permit can state a claim for arbitrary and capricious government action, which deprives a plaintiff of his substantive due process rights. BERNIE HATZ planned every step of the process of the abatement and demolition, knowing that the City Council were hoping to make a profit from the sale of the subject property in a tax sale some years in the future. The procedural due process rights of the Plaintiffs were violated by the Defendants when they refused to allow Craigs Plumbing to work on our project. The standard for demolitions of buildings in California was established by the California Court of Appeal in Leppo v. The City of Petaluma, 20 Cal App. 3d 711, which requires a showing of danger to the public and an exigent circumstance for a city or County government to demolish a building.

22. There was never any danger to the public nor was there an exigent circumstance.

The government cannot exercise police powers claiming to act under an emergency condition when there are no exigent circumstances, see Welch v. Wisconsin, 466 US 740 (1984). The building in question is not likely to run out into the street and bite a passerby in the leg.

23. In Leppo v. Petaluma, supra, the California Court of Appeal stated:

The official duty of the city in a case in which they seek to abate a nuisance is to afford the property owner a due process hearing which consists of an opportunity to be heard (Thain v. City of Palo Alto, 207 Cal.App.2d 173, 191, 24 Cal.Rptr. 515) and a determination upon competent sworn testimony. (Armistead v. City of Los Angeles, supra, 152 Cal.App.2d 319, 324, 313 P.2d 127.)

'Although it is elementary that an owner of property has no constitutional right to maintain it as a public nuisance, it is equally elementary that he has a clear constitutional right to have it determined by due process whether in fact and law it is such a nuisance. As against this right, no ex parte declaration, however formal, by municipal authorities that it is a nuisance is final as against him.

24. The California Court of Appeal, stated further, in Leppo v. Petaluma, supra:

'It is said that even at common law a city or town has power to abate a public nuisance. Usually it has statutory power, vested in its governing body, to declare and abate public nuisances. **But neither at common law nor under such express power can it, by its mere declaration that specified property is a nuisance, make it one when in fact it is not.'** (14 A.L.R.2d s 8, p. 82.) [Emphasis added.]

25. In Leppo v. Petaluma supra also stated that only in emergencies, when the public

is in danger can the municipality demolish a building. The Court in Leppo v. Petaluma, supra, affirmed the lower court ruling in favor of Leppo and stated further:

> We conclude that in emergency situations the city may act summarily to abate a nuisance, **but in such case the city must be prepared to establish by a preponderance of evidence that an emergency actually existed.** This was the burden imposed upon the appellants by the trial court. The trial court then found upon conflicting evidence that appellants had not met this burden of proving that the building was an immediate hazard and danger to the public at the time of its demolition. Our function as a reviewing court, therefore, is limited to determining whether there was substantial evidence to support this finding.

26. The Defendants cannot show and have not demonstrated that the public is in any danger.

**B. PLANNED VIOLATIONS OF DUE PROCESS RIGHTS, FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS**

27. The California Supreme Court ruled in <u>STRUMSKY v. SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSOCIATION</u>, 11 Cal.3d 28, at page 44, 520 P.2d 29, 112 Cal.Rptr. 805, 39 Cal. Comp. Cases 924 (Calif Sup Court 1974) that administrative agencies, such as the City of Needles cannot function in a judicial capacity. As a result any administrative order by the Neddles City agency in question, related to the potential loss of more than one million dollars worth of property rights, lost labor and materials and complete loss of all economically viable use of the land would have to be part of a

judicial process, rather than an administrative process, because of the ruling in Strumsky,

supra, Camil v. Buena Vista Cinemas, supra and Leppo v. The City of Petaluma, 20 Cal

App. 3d 711. This is a violation of both the procedural and the substantive due process

rights of the Plaintiffs. Neither Code Enforcement, nor their employees and their

manager, nor the Needles City Council can function in a judicial capacity, see Strumsky

v. San Diego, 11 Cal.3d 28, at page 44, 520 P.2d 29, 112 Cal.Rptr. 805, 39 Cal. Comp.

Cases 924 (Calif Sup Court 1974).

28. This is also a violation of the due process clause of the Fourteenth Amendment by

failing to employ a judicial process. This also is a Bill of Attainder, as that term is used in

Article One, Section Ten of the Constitution for The United States of America, which is

prohibited by that provision of law. Their administrative actions are not objectively

reasonable and require judicial review. Municipalities in California cannot make

decisions that require judicial determinations, see CAMIL, v. BUENA VISTA CINEMA,

57 Cal.App.3d 497, 129 Cal.Rptr. 315 (Court of Appeal, Second District 1976.).

29. The California Court of Appeal in their decision in Camil v Buena Vista Cinemas,

supra, stated that summary abatements of adult films of an obscene character cannot be

accomplished without a judicial determination. I believe that the same standard must be

applied in this matter. The summary abatement of the adult films by a municipality is

analogous to summary abatement of a building that was built before permits were

required, and then acts in bad faith to abate the construction project as a nuisance. In

Camil v. Buena Vista, supra, the right to free speech is implicated, in our case the right to

enjoy private property free from unreasonable seizures and destruction of a building

without procedural and substantive due process is implicated. In both cases the due

Petition For Declaratory and Injunctive Relief Page 14

process clauses of the Fourteenth Amendment is being violated. In both cases the government is attempting to deny a right, guaranteed under the constitution, to judicial due process.

30. The Court in Camil v. Buena Vista Cinemas stated as follows: **"The first and foremost requirement is a judicial determination, prior to abatement, of the obscene character of the films under prevailing law. Patently the City Council could not, by ordinance, adopt its own definition of obscenity and even the most formal administrative proceeding to determine the issue of obscenity, under prevailing law, could not suffice as a substitute for a judicial determination. Further, the Council's** Resolution that particular films were obscene would not be binding on the court in any abatement proceedings instituted thereafter. **Neither summary abatement nor temporary injunction is constitutionally permissible as a remedy in this type of abatement proceedings.** (N)o injunctive relief, whether temporary or permanent in nature, may be afforded until defendant has been given a full and fair judicial hearing on the issue of obscenity, and an opportunity to obtain prompt judicial review of that issue by the state appellate courts.' (People ex rel. Busch v. Projection Room Theater et al., supra, 16 Cal.3d at p. 375, 128 Cal.Rptr. at p. 239, 546 P.2d at p. 743.) Here the trial court quite properly denied plaintiff's motion for a temporary injunction." [Page 503]. (Emphasis added.]

31. This case is filed in order to exercise our rights under Title 42, Section 1983, which provides for redress of grievances where there has been deprivation of rights under color of authority. The District Court also has supplemental jurisdiction over any state law claims pursuant to Article Three of the Constitution for the United States of America,

1  since the state-law claims are so related to the federal claims that they form part of the

2  same case or controversy under Article III of the US Constitution, pursuant to Title 28,

3  USC Section, 1367. I know of no instance in which Camil v. Buena Vista Cinemas,

4  supra, Leppo v. City of Petaluma or Strumsky, cited above have been overturned.

5      32. Furthermore, under the Fourteenth Amendments to said Constitution, the

6  Defendants have no standing to interfere with our private use of land and to deprive us of

7  our liberty without a reasonable objective criterion to prevent us from use and enjoyment

8  of a building and threaten to bulldoze the subject property, especially when they are not

9  properly exercising the police powers of government, exceeding their authority, and

10  acting in bad faith under their City municipal government framework.

11      33. Recently, a Federal Judge in San Francisco issued an order granting an injunction

12  against Lake County Officials in which the Judge cited Leppo v. The City of Petaluma,

13  20 Cal App. 3d 711. In Mona Allen, et al v. County of Lake, et al, Case number 14-cv-

14  03934-TEH the judge stated, in his injunction as follows:

15

16          "The question, upon review of a state approved search or seizure is

17      not whether the search (or seizure) is authorized by state law. The question

18      is whether the search was reasonable under the Fourth Amendment." Id. The

19      same restrictions apply to local government.

20          California state law is in accord with this federal constitutional

21      requirement. Leppo v. City of Petaluma, 20 Cal App 3d 711, 718-719,

22      (1971). A local government typically "has statutory power, vested in its

23      governing body, to declare and abate public nuisances. But neither at

common law nor under such express power can it, by its mere declaration,

that specified property is a nuisance, make it one when in fact it is not. Id.

At 718 quoting (14 A.L.R. 2d 82). Even where a local government correctly

identifies and classifies a nuisance, summary abatement may only be used in

narrow circumstances. "[I]n emergency situations the City may act

summarily to abate a nuisance, but in such case, the city must be prepared,

by a preponderance of evidence, that an emergency actually existed." Id at

719.

34. We see no evidence of an exigent circumstance nor have Needles City

Officials made a case for exigent circumstances.

35. The named Defendants identified above, BERNIE HATZ and The City of

Needles violated my rights to procedural and substantive due process under the due

process clause of the Fourteenth Amendment to the US Constitution when they claimed

that they were taking actions to abatement of the alleged nuisance for the hotel. The

Defendants threatened us with demolition, a notice of their final decision of their

administrative tribunal and an intention to abate a nuisance sent through the mail

regarding the subject property, see **Exhibit A**, attached and incorporated by reference.

The Defendants never supplied any admissible evidence of an exigent circumstance. The

setting of deadlines does not protect the health and safety of the public and is capricious

and arbitrary.

## III. VENUE

36. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c). The Defendants reside in this district, a substantial part of the events and errors and omissions giving rise to the claim occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district.

## IV. JUDICIAL STANDARDS OF REVIEW

37. The incident that was used to form the basis of the threat to bulldoze the subject property does not meet the requirements under California law that requires judicial due process, see Strumsky, supra, Leppo v. Petaluma, supra and Camil v. Buena Vista Cinemas, supra, *and is in violation of the Plaintiff's common law rights to be free of unreasonable seizures of private property, especially when there is a violation of the homeowners procedural due process and the substantive due process rights , as discussed above.* This is required by the Fourteenth Amendment to the Constitution for the United States of America. The Supreme Court in Monterey v. Del Monte Dunes, supra, has affirmed that:

> A city cannot argue that, as a matter of law, its land-use decisions are immune from judicial scrutiny under all circumstances. That position is contrary to settled regulatory takings principles.

38. At issue is the validity of the threatened destruction of the Plaintiff's building, the home discussed above, and immediate need by the Plaintiff for injunctive relief. Also,

Petition For Declaratory and Injunctive Relief Page 18

there was no warrant or criminal complaint which was based on sworn facts, that can be used to comply with the warrant clause within the meaning of the Fourth Amendment to the Constitution For The United States of America, and the Fourth Amendment to the U.S. Constitution. Based upon the foregoing citations of law the Fourth Amendment requirements for a sworn complaint signed under oath, as discussed, have not been met. The phrase "things….. to be seized" in the text of the Fourth Amendment to the Constitution for the United States of America, and the Fourth Amendment to the US Constitution makes it clear that private property, such as building cannot be seized within the scope of the Fourth Amendment without that court order and warrant to seize such a building having an ancillary document, which is supported by oath or affirmation.  We can see from discussion of the Joan Fontaine case, cited above, that Lake County does not ever take the abatement case through a judicial process. This was true in the case of Joan Fontaine, discussed above. Instead, they obtain the type of warrant that is used when there is an emergency, without supporting the allegations by oath or affirmation.

39. As stated above, there is also a **Due Process Violation.** As the Staff Attorneys at the City of Needles attorneys, who are typically tapped to advise the Needles City government either knew or should have known, that people working in law enforcement have a duty to seize property only when they can justify the seizure in the context of the circumstances and facts and within the framework of the laws in California. I have a right to due process of law, which means that the government cannot seize private property without due process of law, see Lynch v Household Finance, 405 US 538 (1972), which states;

Petition For Declaratory and Injunctive Relief Page 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"Such difficulties indicate that the dichotomy between personal liberties and property rights is a false one. The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth a "personal" right whether the "property" in question be a welfare check, a home, or a savings account. In fact a fundamental interdependence exists between the personal right to liberty and the personal right in property. Neither could have meaning without the other. That rights in property are basic civil rights has long been recognized. J. Locke Of Civil Government 82- 85(1924); J. Adams A Defense of the Constitutions of Government of the United States of America, in F. Coker Democracy, Liberty and Property 121-132 (1942); 1 W. Blackstone, Commentaries 138-140."

40. We are relying upon a decision issued by the Ninth Circuit Court of Appeals, in which they state that allegations that land use actions lack any "substantial relation to the public health, safety, or general welfare" can state a substantive due process claim. N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 484 (9th Cir. 2008). See also Penn Central Transportation Co. v. New York City, 438 US 104 (1978), which states:

The question is whether the forbidden use is dangerous to the safety, health, or welfare of others. Thus, in *Curtin* v. *Benson,* 222 U. S. 78 (1911), the Court held that the Government, in prohibiting the owner of property within the boundaries of Yosemite National Park from grazing cattle on his property, had taken the owner's property. The Court assumed that the Government could

Petition For Declaratory and Injunctive Relief Page 20

constitutionally require the owner to fence his land or take other action to prevent his cattle from straying onto others' land without compensating him.

In Penn central Transportation Co. v. New York City, 438 US 104 (1978) the US Supreme Court stated: "…..the reasons are sufficiently cogent to preclude us from saying, as it must be said before the ordinance can be declared unconstitutional, that such provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. *Cusack Co.* v. *City of Chicago, supra,* pp. 530-531; *Jacobson* v. *Massachusetts,* 197 U.S. 11, 30-31.

41. **The Prohibitions of a Seizure of Private property without due process is a constitutional mandate that all departments of state and county government are required to adhere to.** As the Staff Attorneys at the City attorneys, who supply legal advice and support to the Needles City government agencies and the City Council, either knew or should have known, there is a requirement for all Departments to honor and uphold the American Constitution pursuant to their oath of office.

42. **The Defendants and all of them, also engaged in Intentional Infliction of Emotional Distress.** As the Defendants and the Attorneys, who provides legal advice to City agencies, either knew or should have known, there is a requirement for the City of Needles to litigate this matter in a judicial process before they can abate a nuisance, see Camil v. Buena Vista Cinemas, supra, Leppo v. City of Petaluma, supra and Strumsky v. San Diego, supra. This includes the imposition of fines without a trial by jury, as prohibited under the Bill of Attainder Clause at Article One, Section Ten of the US Constitution. All fines must be denominated in gold and silver coin as required under Article One, Section Ten of the US Constitution and the Coinage Act of 1792.

43. The actions taken by the Defendants set aside these requirements and sought immediate destruction of the Plaintiff's private property in order to make certain that people are terrified of their government, and to use intimidation and fear to enforce their unconstitutional exercise of police powers in this matter in violation of Constitutional mandates, which creates a great deal of intentional infliction of emotional distress, primarily because these actions complained of are a violation of the Fourth and Fourteenth Amendments to the US Constitution.

43. It is clear that none of the circumstances preceding the threat of demolition of the subject building in this matter justified a reasonable case for an exigent circumstance. The aggressive behavior and attitudes of the Defendants and the aggressive tendencies and reckless disregard for the law on the part of Code enforcement's propensity to violate people's rights triggered the decision to begin an abatement process. Whatever their purpose in abatement of their alleged nuisance, this purpose did not negate Fourth Amendment guarantees.

44. In the absence of any substantive violation of building codes and zoning laws that can be identified, **our interests in personal security and protecting our interest in subject building, which will be valued at over one hundred thousand dollars if the building is demolished, must be protected. Additionally, we will be forced to pay the city the cost of demolishing the building, which is estimated to be valued at tens of thousands of dollars. We have a right to seek redress of grievances under the First Amendment to the US Constitution and Injunctive relief under Title 28, US Code, §§ 2201 and 2202.** The fiduciary duty of government, particularly in light of the commitments made by way of the Defendants Oaths of Office, imposes a requirement for the Defendants to refrain from interference with lawful conduct and to avoid interference with basic personal freedoms that are guaranteed to every human being. There is no

security or safety for the property owners in Needles from willful oppression and abuses of police power.

45. We bought the property very recently, and all of the alleged defects or problems have existed for many years, and should have been addressed much earlier, given the urgency of the stated purpose of the City of Needles documents.

46. COMES NOW the Plaintiffs, in our private capacity, and we state as follows:

## V. PARTIES

46. We, the Plaintiffs, are appearing in our private capacity. We are members of the private sector of America and not officers of any government or an officer of any private corporation privileged to exist by any government, but we are free inhabitants of the many nations existing here upon this land in North America and not residents in the United States nor in any of its political subdivisions.

47. Defendants named, who were acting beyond the scope of their official role, who violated our rights, as discussed above, and who are poised to violate our rights guaranteed under the Fourth, Fifth and Fourteenth Amendments to the US Constitution as discussed are named herein. The city of Needles, is named in this civil action in their capacity as a policy setting agency, an agency who sets policy for the Staff and building inspectors in the Department, and established custom and policy for their department and those under their direct supervision and control, in direct and flagrant defiance of the Fourteenth Amendment, by establishing the policy of: (1.) willful oppression and aggressively preventing private inhabitants from enjoying economic value from their

Petition For Declaratory and Injunctive Relief Page 23

investment in real estate while violating the Fourteenth Amendment by attempting to

seize property in an unreasonable manner without due process of law, required under the

Fourteenth Amendment to the US Constitution and without a warrant, supported by oath

or affirmation as required under the Fourth Amendment by threatening destruction of the

subject property; (2.) and giving the Plaintiff no other options or remedies in this matter.

The seizure of the subject property by destruction of it through the use of private

contractors and the use of a bulldozer or excavator is a violation of the takings clause

established under the Fifth Amendment to the US Constitution; (3.) The Defendants, and

all of them, have adopted a policy to deliberately set aside and ignore the clear rulings

in LUCAS V. SOUTH CAROLINA COASTAL COUNCIL, supra, stating that people

cannot be deprived of all economically viable uses of land, the Strumsky v. San Diego,

supra, ruling that Administrative agencies cannot act in a judicial capacity and Camil v.

Buena Vista Cinemas, supra and Leppo v. Petaluma, Supra,  that a judicial determination

must be made before an abatement of a nuisance can take place and; (4.) setting a policy

to apply arbitrary and capricious standards for abatement of a nuisance without

application of the standards for review established in Camil v. Buena Vista Cinema,

supra, Leppo v Petaluma, supra and Strumsky v. San Diego.

48. Personal-capacity suits seek to impose personal liability upon a government

official for actions he takes under color of state law. See, *e. g.*, Scheuer v. Rhodes, 416 U.

S. 232, 237-238 (1974). Official-capacity suits, in contrast, "generally represent only

another way of pleading an action against an entity of which an officer is an agent."

Monell v. New York City Dept. of Social Services, 436 U. S. 658, 690, n. 55.

49. On the merits, to establish *personal* liability in a § 1983 action, it is enough to

Petition For Declaratory and Injunctive Relief Page 24

1   show that the official, acting under color of state law, caused the deprivation of a federal

2   right. See, *e. g.,* Monroe v. Pape, 365 U. S. 167 (1961). More is required in an official-

3   capacity action, however, for a governmental entity is liable under § 1983 only when the

4   entity itself is a " `moving force' " behind the deprivation, Polk County v. Dodson, 454 U.

5   S. 312, 326 (1981) (quoting Monell, supra, at 694); thus, in an official-capacity suit the

6   entity's "policy or custom" must have played a part in the violation of federal law.

7   Monell, supra; Oklahoma City v. Tuttle, 471 U. S. 808, 817-818 (1985); *id.,* at 827-828

8   (BRENNAN, J., concurring in judgment). When it comes to defenses to liability, an

9   official in a personal-capacity action may, depending on his position, be able to assert

10  personal immunity defenses, such as objectively reasonable reliance on existing law. See

11  Imbler v. Pachtman, 424 U. S. 409 (1976) (absolute immunity); Pierson v. Ray, 386 U. S.

12  547 (1967) (same); Harlow v. Fitzgerald, 457 U. S. 800 (1982) (qualified immunity);

13  Wood v. Strickland, 420 U. S. 308 (1975) (same). In an official-capacity action, these

14  defenses are unavailable. Owen v. City of Independence, 445 U. S. 622 (1980); see also

15  Brandon v. Holt, 469 U. S. 464 (1985).

16       50. The only immunities that can be claimed in an official-capacity action are

17  forms of sovereign immunity that the entity, *qua* entity, may possess, such as the

18  Eleventh Amendment. While not exhaustive, this list illustrates the basic distinction

19  between personal- and official-capacity action. Monell v. New York City Dept. of Social

20  Services, 436 U. S. 658 (1978), overruled Monroe v. Pape, 365 U. S. 167 (1961), insofar

21  as *Monroe* held that local governments were not among the "persons" to whom 42 U. S.

22  C. § 1983 applies and were therefore wholly immune from suit under the statute. THE

23  City of Needles is named as the policy setting entity for The City of Needles Code

24  Enforcement Department. The City of Needles is named in this case because the other

25  Defendants acted under the authority of Needles City Code Enforcement, which

26  establishes custom and policy for the Building Inspectors, since they have management

27

28       Petition For Declaratory and Injunctive Relief Page 25

control or supervisory control over the other Defendants. In addition, it is increasingly

obvious, that the steps and procedures that are employed by Code Enforcement are

policies that have been established by the City Counsel, because the procedure usually

involves at least one hearing with the City Council and the County Department heads are

hired and terminated by the City and the overall policy of each department is formulated

by the City Council.

## VI. FIRST CAUSE OF ACTION

**Declaratory and Injunctive Relief** from a Planned Violation of Title 42, Section

1983, The Fourteenth Amendment, Unreasonable violation of the Procedural and

Substantive Due Process requirements under the Fourteenth Amendment

**Against all Defendants**

51. The Plaintiff restates and incorporates by reference all of the allegations

otherwise set forth in this Complaint in the preceding paragraphs.

52. This Complaint requests injunctive relief for the threat of the violation of the

Fourteenth Amendment, demolition of the subject Building located at 1707 Needles

Highway, in Needles, California without procedural and substantive due process,

described above. The Defendants either knew or should have known that they have a duty

to the Plaintiffs, to work with them when there is a perceived or actual deviation from the

building codes and to allow them to make adjustments and remedy any defects in the

building with changes to the construction techniques, or materials, instead, the

Defendants have insisted that they can only remedy the perceived or actual violations of

the building codes and ordinances was abatement and destruction of the subject property, rather than allowing us to make corrections, at an achievable schedule.

53. The Defendants named in this complaint have exceeded their authority, acted outside the scope of their authority, violated our rights and violated the law, by claiming to have powers to seize and destroy private property without due process guarantees that are established under state and federal law as discussed above. The Defendants have threatened immediate demolition of the subject building and without adhering to or being faithful to the Fourteenth Amendment and their own administrative rules, state constitutional provisions and state statutes, which prohibit such actions, where the seizure is not reasonable. Due process rights, guaranteed under the Fourteenth Amendment are violated by a regulatory agency when the agency and its staff do not obey the mandates of the Due Process Clause of the Fourteenth Amendment as follows: (1.) Under state law there is a requirement for procedural due process, an administrative hearing and, if there is an abatement of an alleged nuisance, a judicial process as required under the California Constitution under Article Three, Section Three, the Separation of Powers Clause of the California Constitution, and the California Constitution at Article Six, Section One, requiring a judicial process for any matter which would traditionally require a judge and jury, see Strumsky v. San Diego Employees Retirement Assn, supra, and; (2.) The substantive due process rights of the Plaintiff must be preserved where there are unreasonable requirements placed upon the homeowner, where he is not given any opportunity to correct the perceived defects in materials or workmanship and there is not an administrative process for resolution of the issues or a judicial process for resolution of the issues, just a threat to demolish the building, in the immediate future. Also, there was no effort to give notice and opportunity to make

corrections on the building; (2.) The Defendants have failed to comply with the Fourteenth Amendment due process requirement. Under the states police power, when elements of due process are absent, such as an opportunity to correct the stated defects in the construction, the state or county agency cannot exercise these powers without due process guarantees in place.

54. As discussed, the Defendants have threatened to demolish a hotel because of unstated allegations of a nuisance abatement. They have not given us notice and opportunity to make corrections on the subject building, choosing instead to demolish the subject building in violation of the Fourth Amendment to the Constitution for The United States of America and the Fourth Amendment to the US Constitution, which requires a warrant that is supported by oath or affirmation. The Fourteenth Amendment forbids the seizure of property without due process of law. Where the alleged harm is the result of police misconduct, a plaintiff can show that such harm is likely to recur by either identifying a written policy from which such injury would stem, or by demonstrating that the injury was part of a pattern of officially sanctioned behavior. *Melendres v. Arpaio*, 695 F.3d 990, 997-98 (9th Cir. 2012). However, the plaintiff must still show that he is likely to be subject to such policy or pattern in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 108-09 (1983). I have identified the pattern of behavior described above by preventing me from using a plumbing contractor, who was licensed and qualified, and by demanding that I keep to a schedule that is arbitrary and capricious and that has no effect on protecting the health and safety of the public.

55. These actions taken by the Defendants deprive us of our due process rights as described in federal and state law. I have cited United States v. Lee; 106 US 196, 1S. Ct. 240 (1882) where the United States Supreme Court stated that the government cannot

deprive the people of property rights without due process of law. To review some of the statements in US v. Lee, supra, the court stated:

> Shall it be said ... that the courts cannot give remedy when the citizen has been deprived of his liberty by force, his estate seized and converted to the use of the government without any lawful authority, without any process of law, and without any compensation, because the president has ordered it and his officers are in possession? If such be the law of this country, it sanctions a tyranny which has no existence in the monarchies of Europe, nor in any other government which has a just claim to well-regulated liberty and the protection of personal rights."

56. The Supreme Court also reaffirmed the right to enjoy private property and not be deprived of it without due process of law in Lynch v. Household Finance Corp.; 405 US 538 (1972). As discussed the appellate courts in California have also discussed the due process rights of its citizens as described in Strumsky v. San Diego as follows:

> **Because judicial powers may no longer be exercised by 'local agencies,'** the factual findings of those agencies are entitled to no greater deference than those of other agencies lacking judicial powers under the Constitution.

57. The threatened deprivation of personal liberty without due process is clearly a violation of civil liberties as well as personal rights. One of the settled principles of our Constitution is that these Amendments are to protect only against invasion of civil liberties by the government whose conduct they alone limit. Burdeau v. McDowell ; 256 US 465, 41 S. Ct. 574, 65 L Ed. 104813 ALR 1159 (1921); Weeks v. United States; 232

US 383, 34 S. Ct. 341, 58 L. Ed. 652, (1914);Hall v. United States; 41, F 2d 54(9th Cir. 1930); Brown v. United States; 12 F 2d. 926 (9th Cir. 1926). Therefore the organs of government cannot be used to make an unlawful seizure of property, such as demolition of a building without due process.

## VII. SECOND CAUSE OF ACTION

**(Declaratory and Injunctive Relief Regarding the Planned Violation Of Title 42, Section 1983, Because Violations of the Bill of Attainder clause of the US Constitution, and the Warrant Clause of the Fourth Amendment Against All Defendants**

58. The Plaintiff restates and incorporates by reference all the allegations otherwise set forth in this Complaint in the preceding paragraphs.

59. Other hotel owners mentioned previously with older hotels are not ordered to maintain an unrealistic schedule for construction of improvements and are not prevented from hiring a licensed contractor for reasons that are completely arbitrary and capricious and otherwise be subjected to summary abatement procedures. I have to be accorded the same property rights as others who are similarly situated, otherwise this administrative order violates my rights to equal protection of the laws. Such an arbitrary and capricious policy violates the Equal Protection Clause of the Fourteenth Amendment, see Baker v. Carr, 369 US 186 (1962). In order for the actions taken by the Defendants to be restrained by the court, it must be shown that such actions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Cusack v. City of Chicago, 242 US 526, (1917).

60. The actions complained of violate the Bill of Attainder Clause, at Article One, Section Ten of The Constitution for the United States of America, having attempted to apply a current legislative standard for building codes that was not in force and effect when the subject building was built and having imposed an administrative decree and order without due process of law. As discussed, we are being singled out and we are being treated differently from others who were similarly situated and were not told they hire a licensed plumbing contractor because he was not a general contractor for improvements to their hotel. The threat of demolition of the subject building, with no judicial process threatens us with a permanent loss of the subject property, which was calculated to inflict emotional distress and to cause a great deal of hardship on us. The value of the subject home is as follows: it is valued at $ 2,000,000.00. The value from Rental income for the subject property is estimated to be about $ 140,000.00 dollars per year.

61. These actions taken by the Defendants, and all of them, described above are described by the United States Supreme Court as tyranny in; United States v. Lee; 106 US 196, 1S. Ct. 240 (1882) where the United States claimed ownership of property via a tax sale some years earlier, the court stated as follows:

> **Shall it be said ... that the courts cannot give remedy when the citizen has been deprived of his liberty by force, his estate seized and converted to the use of the government without any lawful authority, without any process of law, and without any compensation**, because the president has ordered it and his officers are in possession? **If**

1        **such be the law of this country, it sanctions a tyranny which has no**

2        **existence in the monarchies of Europe, nor in any other government**

3        **which has a just claim to well-regulated liberty and the protection of**

4        **personal rights.**" In US v. Lee, supra, the government can be considered

5        as similar and applying in like manner as the defendants in the above

6        captioned case. [Emphasis added.]

7

8        62. The above citation in US v. Lee is analogous to the case at bar where the actions

9    taken by the Defendants are tyranny and lack due process of law. The Supreme Court

10   also reaffirmed the right to enjoy private property and not be deprived of it without due

11   process of law in Lynch v. Household Finance Corp.; 405 US 538 (1972). As discussed

12   above, the California appellate courts have made it clear that, based upon a change in the

13   California Constitution at Article VI, Section 1, administrative agencies cannot function

14   in a judicial capacity, Strumsky v. San Diego County Employees Retirement Association,

15   11 Cal 3d 28, at 44 (Calif Sup Court, 1974), which states:

16        Because judicial powers may no longer be exercised by 'local agencies,'

17      the factual findings of those agencies are entitled to no greater deference than those

18      of other agencies lacking judicial powers under the Constitution. [Page 44]

19

20   63. As a result of the foregoing the Defendants cannot function in a judicial capacity

21   and by acting in a judicial capacity they have violated my due process rights, depriving

22   me of the right to judicial due process. We ask for Declaratory and injunctive Relief from

23   the Court in the nature of an order restoring: (a.) our rights to be free from the threatened

24   demolition; (b.) our right to continued ownership, use and enjoyment of the building and

25   the structure without the defendants compelling us to upgrade this older building to the

26   current building code standards in defiance of the Ex-Post-Facto clause at Article One,

27        Petition For Declaratory and Injunctive Relief Page 32

28

Section Ten of said Constitution for the United States of America, and the US

Constitution. We further ask for a court order that an independent licensed building

contractor, at the Defendants expense, supervise the future inspections of the subject

property to ensure that the Defendants are not creating arbitrary and capricious

requirements that have no relationship with the health and safety of the public and

amount to a false claim of defective workmanship and construction materials, see Cusack

v. City of Chicago, 242 US 526, (1917). We ask for supervision by the court when there

are disputes regarding compliance or other issues.


## IX. THIRD CAUSE OF ACTION

### (Intentional infliction of emotional distress.)

**Against The City of Needles**

64. The Plaintiffs restates and incorporates by reference the statements and allegations contained in all preceding paragraphs as though fully alleged and set forth herein.

65. The loss of a hotel that is worth $ 2,000,000.00 and the threat by the Defendants of imposing tens of thousands of dollars in liens against the subject property for the unnecessary and unconstitutional demolition of our hotel is a violation of our rights to due process of law and must be prevented by the court. The house is also valuable as a source of rental income and such a value can be estimated to be at least One hundred and Forty Thousand dollars per year. This is calculated to create great financial hardship on the Plaintiffs and is not justified by the legal requirements for older hotels in California.

66. The acts of Defendants described above were all performed under color of law with malice and premeditation, with willful and wanton disregard of Plaintiff's rights

1 under the laws of the United States and California, in contravention of the letter and spirit

2 of 42 U.S.C. 1983.

3      67. The Plaintiffs were harmed by said violations, in that Plaintiffs suffered great

4 emotional pain and anxiety as a result of the increasingly oppressive actions taken by the

5 Defendants, as well as humiliation, damage to reputation, monetary loss, deprivation of

6 personal freedoms, loss of ability to fully function as a member of the community, and

7 psychological trauma.

8

WHEREFORE, Plaintiffs seek relief as set forth below.

9

10                     **FOURTH CAUSE OF ACTION**

11                              **Trespass**

12 Against all Defendants

13

14      68. Plaintiff restates and incorporates by reference the statements and allegations

15 contained in all preceding paragraphs as though fully alleged and set forth herein.

16

17      69. The actions taken by the Defendants, if allowed to continue will lead to the loss of

18 a $ 2,000,000.00 dollar asset for the Plaintiffs.

19

20      70. This is a trespass with violence and must be compensated if the Court cannot

21 issue the requested orders of Declaratory and Injunctive relief. As a result, we ask for

22 compensation for losses of the subject property, and the imposition of unconstitutional

23 liens against the property as discussed. We ask the court to order the removal of liens and

24 all fines, which were unconstitutional, for having been imposed without judicial due

25 process as required by Strumsky v. San Diego Employees Retirement Assn., supra and

26 the Due process clause of the Fourteenth Amendment.

27

28              Petition For Declaratory and Injunctive Relief Page 34

71. This is a **TRESPASS QUARE CLAUSUM FREGIT**. This is a remedy, which lies to recover damages when the defendant has unlawfully and wrongfully trespassed upon the real estate of the plaintiff. The death Certificate of my mother demonstrates that we are heirs to the subject property and that we have an interest in the subject property.

72. The Defendants attempting to acquire the subject property by way of a defective and unverified claim, and an unconstitutional process, whereby they are avoiding any judicial due process in order to acquire the subject property. The Plaintiffs seek Declaratory relief in the nature of an order of cease and desist and an order stating that the Defendants do not have any right to any take action of abatement and demolition of the subject property. And by tacit admission, they do not have any valid claim take the actions complained of further unless they explain why the Stumsky, supra decision is invalid or inapplicable, why the Ex-Post Facto Clause and the Bill of Attainder Clause found in the US Constitution at Article One Section Ten is inapplicable, and why the Fourth Amendment warrant clause requirement is inapplicable, and why the Soldal v. Cook County, Illinois, supra decision is inapplicable and why Camile v. Buena Vista Cinemas, supra is inapplicable. Even if they could supply verification of their claims, assuming that their unverified claims were valid. The Defendants are trespassers because of abuse of legal process and are presenting themselves as empowered to set aside the above cited provisions of Federal and State constitutional law The Defendants are causal agents of the trespass for the foregoing reasons.

73. A man is a trespasser by his own direct action when he acts without any excuse; or he may be a trespasser in the execution of a legal process in an illegal manner; 1 Chit. Pl. 183: 2 John. Cas. 27; or when the court has no jurisdiction over the subject-matter

when the court has jurisdiction but the proceeding is defective and void; when the process has been misapplied, as, when the defendant has taken A's goods on an execution against B; when the process has been abused 1 Chit. Pl. 183-187 in all these cases a man is a trespasser ab initio. And a person capable of giving his assent may become a trespasser, by an act subsequent to the tort. If, for example, a man takes possession of land for the use of another, the latter may afterwards recognize and adopt the act; by so doing, he places himself in the situation of one who had previously commanded it, and consequently is himself a trespasser, if the other had no right to enter, nor he to command the entry. 4 Inst. 317; Ham. N. P. 215. Vide 1 Rawle's R. 121.

Bouvier's Law Dictionary, 1856.

74. The actions taken by the defendants, attempt to deprive us of our liberty and property without due process of law. Article Three of the original constitution for the united States of America calls for law courts, see <u>Callan v. Wilson</u>, 127 U.S. 540, (1888)_ <u>"And as the guaranty of a trial by jury, in the third article, implied a trial in that mode,</u> **<u>and according to the settled rules of common law"</u>**. See also Commentaries on the Constitution by Joseph Story, Volume III, Pages 506-507.

## X. RELIEF REQUESTED

WHEREFORE, the Plaintiff prays as follows:

75. That the Court enter judgment that federal constitutional law, specifically the Fourteenth Amendment, prohibits the unreasonable seizure by demolition, which amounts to confiscation of the subject property by the Defendants without procedural and substantive due process, as discussed. The Defendants engaged in acts that violate our

due process rights and prohibits or impairs the rights to personal freedom that is supposed to be enjoyed by everyone in this country, including, but not limited to the planned violation of my due process rights under the Fourteenth Amendment, wherein the Defendants, without standing or lawful authority of any kind, have engaged in acts of threats of seizure of private property, taking of private property without just compensation and by preventing us from enjoying income from our income property while construction on improvements are proceeding.

76. That the Court enter an order mandating declaratory and injunctive relief that the Defendants lacks jurisdiction and authority to take actions that cause all the loss of all economically viable use of the land, and must comply with the mandates established by the state and federal appeals court rulings cited above, especially Leppo v. City of Petaluma, Supra, Strumsky v. San Diego, Cusack v. City of Chicago, supra and Lynch v. Household Finance, supra and that they are prohibited from taking the subject property without judicial due process abatement procedures and just compensation.

77. That the Court enter declaratory judgment that any effort by Defendants to demolish the subject property without judicial due process, and a notice and opportunity to correct any defects in construction are declared to be unlawful and are enjoined by the court.

78. That the Court award the Plaintiff its cost of suit and all other expenses caused by Defendants to the extent authorized by law and $75,000 (seventy-five thousand dollars) in silver coin, silver specie or the equivalent in modern circulating currency for interfering with Plaintiff's private life and private property and intentional infliction of

emotional distress to be divided equally by all defendants. That the court order the restoration utilities.

79. For the egregious acts of violation of our rights we demand punitive damages from BERNIE HATZ FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE in the amount of 75,000 silver one ounce coins minted in the United States of America, or the equivalent in modern circulating currency, And for the egregious acts of violation of our rights we demand punitive damages from the CITY OF NEEDLES FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE in the amount of $ 25,000 silver one ounce coins minted in the United States of America, or the equivalent in modern circulating currency.

80. That the Court award Plaintiff a permanent court order of cease and desist as requested herein. That the court order the Defendants to remove the liens and fines on the subject property, which have been imposed without judicial due process.

81. That the Court grant the Plaintiff such other relief as the Court may deem proper, and leave to amend the complaint as needed.


Dated On the __02/14/2023_____(date).


By_____

                    Rajee Kolachana

1
2
3
4
5
6
7
8
9

# Verification

10        We have read the PETITION FOR *DECLARATORY AND INJUNCTIVE*

11    *RELIEFAND CLAIM FOR DEPRIVATION OF RIGHTS UNDER COLOR OF AUTHORITY*

12    and know the contents thereof to be true; and the same is true of our own knowledge, except

13    to the matters which are therein stated on our information and belief, and as to those matters

14    we believe them to be true. The foregoing is true, correct, complete and not misleading.

15

16    Sealed by the voluntary act of our own hands on this  02/14/2023                    (date) in

17    the fourth century of the Independence of America.

18

19    _____

20     Rajee Kolachana

21
22
23
24
25
26
27
28              Petition For Declaratory and Injunctive Relief Page 39

1

2

3

4

5 **EXHIBITS LIST**

6

7 **Exhibit A**        **Abatement Order and**

8        **The statement of Intent to Demolish the River Valley Inn**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28        Petition For Declaratory and Injunctive Relief Page 40

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

### RECORD OF MINUTE ACTION

On February 8, 2023 the administrative hearing regarding 1707 Needles Highway, Needles, California, having APN 0185-048-09-000 ("Property"), commonly known as River Valley Inn, came on for hearing before the undersigned Administrative Hearing Officer ("Hearing Officer"). At the conclusion of the hearing, the Hearing Officer made the following findings and entered the following order:

### FINDINGS

1.      Code Enforcement Officer Bernard Hatz, II, appeared on behalf of the City of Needles ("City").

2.      There were appearances by Owner Goldwin LLC by member and responsible party Rajee Kolachana (collectively "Property Owner"). Property Owner was represented by Attorney Michael C. Smith at the hearing.

3.      Property Owner was served with notice of non-compliance with the Needles Municipal Code, the citations, Notice of Administrative Hearing, among other things (collectively, "Notices"). Property Owner was sent certified letters by the Code Enforcement Officer which were signed as received.

4.      City, San Bernardino County Sheriff's Department, Aging and Adult Services and Environmental Health conducted an initial inspection of the Property on May 18, 2022. The Property was red tagged due to Health and Safety issues as well as being uninhabitable. Property Owner received a copy of the red tag.

5.      Beginning on May 20, 2022, Property Owner was served with Notices regarding the condition of the Property and the City's demand that the Property be remediated to comply with the Municipal Code, among other things.

6.      The Property was maintained in the condition as set forth in the Notices.

7.      Since on or about May 20, 2022, City has attempted to work with Property Owners to allow sufficient time to remediate the conditions on the Property.

8.      On January 18, 2023, City representatives and Property Owner's representatives conducted a walkthrough of the Property. City representatives noted that a majority of the violations as set forth in the third citation issued remain. On January 27, 2023, City sent Property Owner's counsel a letter regarding City representatives' observations of the Municipal Code violations on the Property during the walk through

9.      Property Owner failed to take timely corrective action as set forth in the Notices.

10.     The condition of the Property is a public nuisance, in violation of the Code and as set forth in the Notices.

### ORDER

1.      The structures and their contents inclusive, along with all dead vegetation, trash and debris on the Property, are hereby declared a public nuisance.

2.      The City is authorized (a) to seek an abatement order to return the Property to

acceptable standards as established in the City's Municipal Code; (ii) to demolish the structure and clean the Property; and/or (iii) to seek the appointment of a receiver according to the Health and Safety Code and other applicable law as determined by City.

3.      City may place a lien on the Property and such lien may, at the option of City, be placed on the tax rolls to be collected by the tax collector or collected by any other means available to City.

4.      City may collect any and all costs and fines that have accrued to date; any/and all discounts offered shall be rescinded.

I, Mark Marnati, Administrative Hearing Officer of the City of Needles, California, do hereby certify that the foregoing is a true and correct copy of the official action taken at the Administrative Hearing held on the date set forth above.

2.8.23
Date

_Mark A Marnati_
Administrative Hearing Officer

cc:      Property Owner - Certified Copy

Attorney Michael C. Smith – Email (michaelcsmith@mindspring.com)